# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-1025V
Filed: February 28, 2017
Not for Publication

```
*************************************
CHRISTOPHER PURVIS,                 *
                                    *
            Petitioner,             *
                                    *     Interim attorneys' fees and costs
v.                                  *     decision; no undue hardship
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
                                    *
*************************************
```

Howard S. Gold, Wellesley Hills, MA, for petitioner.
Ryan D. Pyles, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION DENYING PETITIONER'S MOTION FOR INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 22, 2014, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). Petitioner alleged that his receipt of influenza vaccine on August 15, 2013 caused burning in his back, abdomen, and testicles. A one-day entitlement hearing is scheduled for June 29, 2017.

On February 7, 2017, petitioner filed a motion requesting a total of $33,818.33 in interim attorneys' fees and costs. On February 24, 2017, respondent filed a response to petitioner's motion explaining that he "respectfully recommends that the [undersigned] exercise her

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

discretion and determine a reasonable award for attorneys' fees and costs.[2]" Id. at 3.  On February 27, 2017, petitioner's counsel informed the undersigned's law clerk that petitioner does not intend to file a reply to respondent's response.

The Federal Circuit ruled that interim fee awards are permissible under the Vaccine Act in <u>Avera v. Secretary of Health and Human Services</u>, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  The Federal Circuit again found interim fee awards appropriate under the Vaccine Act in <u>Shaw v. Secretary of Health and Human Services</u>, 609 F.3d 1372 (Fed. Cir. 2010), noting that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." Id. at 1375. Subsequently, a number of judges and many special masters have found interim fee awards permissible under a variety of circumstances in which proceedings are protracted, petitioner needed to retain costly experts, or where petitioners demonstrate undue hardship.  See <u>McKellar v. Sec'y of HHS</u>, 101 Fed. Cl. 297, 301 (Fed. Cl. 2011).

However, an award of interim attorneys' fees and costs is not appropriate in the instant case.  Petitioner does not provide any specific reasons for why he is requesting an award at this juncture.  Petitioner has not incurred any personal costs in pursuing his claim.  Fee App. at 2.  The entitlement hearing is set to take place in four months.  While petitioner's counsel will need to prepare for the hearing, the bulk of the work in the case has already been completed.  Therefore, the undersigned fails to see why the attorneys' fees and costs are "a significant hardship to petitioner," as he states in his interim fee application.  Id. at 1.

Moreover, as the undersigned has communicated to the parties throughout the duration of the case, the undersigned is unsure whether petitioner had a reasonable basis to file his claim.  She does not expect to know until after she tries the case.

Therefore, the undersigned **DENIES** petitioner's motion for interim attorneys' fees and costs.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

Dated: <u>February 28, 2017</u>                                                                s/ Laura D. Millman
                                                                                                                    Laura D. Millman
                                                                                                                    Special Master

---

[2] Respondent also states that this is petitioner's second request for interim attorneys' fees and costs.  However, the motion filed on February 7, 2017 was petitioner's first request for interim attorneys' fees and costs.

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.