# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-1025V
Filed: November 3, 2017
Not for Publication

```
*************************************
CHRISTOPHER PURVIS,                 *
                                    *
            Petitioner,             *
                                    *
v.                                  *    Attorneys' fees and costs decision;
                                    *    reasonable attorneys' fees and costs
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
                                    *
*************************************
```

Howard Scott Gold, Wellesley Hills, MA, for petitioner.
Ryan Daniel Pyles, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 22, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging that the influenza ("flu") vaccine he received on August 15, 2013, caused burning pain in his back, abdomen, and testicles. Pet. at ¶ 4. On July 7, 2017, the undersigned held a hearing in this case. On July 25, 2017, the undersigned issued a decision dismissing this case. Judgment entered on August 25, 2017.

On October 25, 2017, petitioner filed a motion for attorneys' fees and expenses, requesting attorneys' fees of $47,464.00 and attorneys' costs of $8,348.92, for a total request of $55,812.92. Because counsel paid the filing fee, petitioner had no costs.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On October 27, 2017, respondent filed a response to petitioner's motion questioning whether the case was filed and proceeded with a reasonable basis, but he deferred to the undersigned to exercise her discretion to award fees and costs in this case.  Resp. at 2.  On November 2, 2017, petitioner filed a reply to respondent's response.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs."  42 U.S.C. § 300aa-15(e)(1).  It is not necessary for a petitioner to prevail in the case-in-chief in order to receive a fee award as long as petitioner brought the claim in "good faith and there was a reasonable basis for the claim."  Id.  The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.  Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Because this case appears to have had a reasonable basis, the undersigned awards attorneys' fees and costs.  Based on her experience and review of the billing records submitted by petitioner, the undersigned finds petitioner's attorneys' fees and costs request is reasonable.  Therefore, the undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs.

Accordingly, the court awards **$55,812.92**, representing attorneys' fees and costs.  The award shall be in the form of a check made payable jointly to petitioner and Gold Law Firm, LLC in the amount of **$55,812.92**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: November 3, 2017                                                                 s/ Laura D. Millman
                                                                                                          Laura D. Millman
                                                                                                          Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.